# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFERY SHEA JOHNSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. CIV-14-679-F |
| REECE LANE, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**I.   Background.**

Jeffrey Shea Johnson (Petitioner),[1] a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, purporting to challenge a conviction in the District Court of Payne County, Oklahoma. Doc. 5, at 1.[2] The matter is assigned to United States District Judge Stephen P. Friot and is before the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  Docs. 3,4.

---

[1] Petitioner states that he is challenging his conviction in the District Court of Payne County in Case No. CF-2014-2. Doc. 5, at 1. When the undersigned attempted to locate the public records of this proceeding, the search yielded results reflecting the spelling of Petitioner's first name as "Jeffrey" as opposed to "Jeffery." *See* Okla. State Courts Network, *State of Okla. v. Johnson, Jeffrey Shea,* Case No. CF-2014-2, District Court in and for Payne County, Oklahoma, http://www.oscn.net/applications/oscn/start.asp?viewType=DOCKETS (last accessed Sept. 8, 2014).

[2] Petitioner filed an initial petition on June 27, 2014, Doc. 1, and an amended petition, Doc. 5, on July 2, 2014.

On July 9, 2014, the undersigned ordered Petitioner to take two actions to cure his deficient filing: (1) to pay his $5 filing fee or submit a motion to proceed in forma pauperis and (2) to resubmit and sign his amended habeas petition on the form enclosed for that purpose. Doc. 6. The deadline to take these two actions was July 29, 2014. *Id.* Petitioner paid the $5 filing fee, *see* Doc. 7, but failed to resubmit a signed amended habeas petition on the proper form.

The undersigned ordered Petitioner to cure this remaining deficiency by August 29, 2014, and directed the Clerk of Court to provide him with the form prescribed by this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 8. The undersigned specifically advised Petitioner that his failure to comply with this second order could well result in the dismissal of his application for habeas relief. *Id.*

That August 29, 2014, deadline has expired without Petitioner having submitted a signed petition on the designated form.[3]

## II. Petitioner has failed to comply with court orders to cure his deficient petition.

A habeas "petition must . . . be signed under penalty of perjury by the petitioner . . . ." R. Governing § 2254 Cases 2(c)(5). *See Kilgore v. Attorney Gen.*

---

[3] According to this Court's docket report, no mail from this Court has been returned as undeliverable from Petitioner's stated address.

*of Colorado*, 519 F.3d 1084, 1088 (10th Cir. 2008) ("It is Rules 2(a) through 2(c) that set forth the minimum pleading requirements for the content of a petition."). Petitioner has been given the opportunity – twice – to conform his amended petition to include this "minimum pleading requirement[]" and to do so on the form provided by the court. *Id.*[4] He has failed to do so. Petitioner's lack of interest in complying with the court's orders together with the court's attempt to manage and control its caseload warrant a dismissal of the action without prejudice. *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir.1980) (per curiam).[5]

---

[4] "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." R. Governing § 2254 Cases 12. Fed. R. Civ. P. 11(a) provides that "[e]very pleading . . . must be signed by a . . . party personally if the party is unrepresented."

[5] The undersigned has considered if this petition is second or successive. On July 7, 2014, Judge Friot dismissed a previous habeas action brought by Petitioner challenging this same conviction. *See Johnson v. Dist. Ct. of Payne Cnty.*, No. CIV-14-331-F, Docs. 1, 16, 17, (W.D. Okla.). Judge Friot's disposition of that action, however, was not based on the merits of Petitioner's claims. *Id.* at Docs. 16, 17. Rather, the dismissal resulted from Petitioner's failure to comply with court orders and certain filing fee requirements and was without prejudice to refiling. *Id.*

The undersigned has similarly considered Petitioner's first habeas action in this Court, arguably with respect to the same conviction. *See Johnson v. Lane*, Case No. CIV-14-307-D, Doc. 19, (W.D. Okla.). There, Judge DeGiusti dismissed the habeas petition without prejudice to refiling for failure to exhaust state court remedies. *Id.* at Docs. 22, 23. (The undersigned does not make that
(continued...)

3

## III. Recommendation and notice of right to object.

Petitioner has failed to respond to court orders and, for that reason, the undersigned recommends that Petitioner's amended petition, Doc. 5, be dismissed without prejudice to being refiled.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 5, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

---

[5](...continued)
recommendation here in the absence of a cognizable petition.) "In general, [while] a prisoner must obtain prior circuit authorization to pursue a second or successive § 2254 petition . . . , prior authorization is unnecessary where the previous petition was dismissed for failure to exhaust state remedies that remain available." *Parkhurst v. Wilson*, 525 F. App'x 736, 738 (10th Cir. 2013).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 15th day of September, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE